**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARK EDWARD VANZANT                                                                    PLAINTIFF
ADC #137057

V.                                    NO: 5:10CV00363 DPM/HDY

LARRY NORRIS *et al.*                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed a complaint on December 20, 2010, and he has subsequently filed several amended complaints, alleging that he was subjected to excessive force in November of 2010, and denied medical care for two days following the incident at the Tucker Maximum Security Unit. Defendants are Larry Norris, Williams Straughn, Sherley Owney, Alfred Burton, Etta Mike, Steve Outlaw, and Verna Brooks. An evidentiary hearing was held on January 23, 2012. Plaintiff appeared and testified, as did Defendants Straughn, Owney, Burton, Outlaw, and Brooks. Following the presentation of testimony by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### I. Facts

Plaintiff was involved in a child custody matter in another state and had been having difficulty in obtaining approval to add attorneys involved in that case to his approved phone list. In an effort to draw attention to his problems, he began beating a commode with his shoe. Owney ordered him to stop and submit to restraints, which Plaintiff did. As Plaintiff was being escorted

2

down a hallway, he became combative, and was pushed against a wall by Burton and Keith Crockett. Owney was present at the time as well. Plaintiff complained of wrist pain, but was not seen in the infirmary for two days.

## II. Analysis

Tiffanye Compton, the ADC's grievance supervisor, testified at the hearing that Plaintiff failed to exhaust any administrative remedy with respect to the claims at issue in this lawsuit. The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Plaintiff conceded that he failed to exhaust his administrative remedies regarding his claims. Although Plaintiff vaguely asserted that grievances were lost or destroyed, he offered no testimony as to specific problems he has had with submitting grievances. In contrast, Straughn testified that Plaintiff could have filed an informal request or formal grievance with any of the three to eight correctional officers who might be working in Plaintiff's area at any given time. Straughn also testified that inmates are given multiple copies of grievances, so that they may proceed to the next step in the grievance process if their grievances go unanswered. Additionally, Compton testified that Plaintiff did exhaust a grievance on an unrelated issue earlier in 2010. Thus, the evidence does not support Plaintiff's suggestion that his grievances may have been lost. Accordingly, Plaintiff

should not be excused from the PLRA's exhaustion requirement, and his complaint should be dismissed.[1]

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   24   day of January, 2012.

---

UNITED STATES MAGISTRATE JUDGE

---

[1] Because Defendants demonstrated that Plaintiff failed to exhaust his administrative remedies before he filed his lawsuit, the Court will not reach the merits of Plaintiff's complaint. *See Barbee v. Correctional Medical Services*, 394 Fed.Appx. 337 (8th Cir. 2010) (unpublished per curiam).